FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 25 AM 11:57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANDRE MAURICE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-159 |
| | ) | |
| PETER D. JOHNSON, Attorney, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Peter D. Johnson, a

defense attorney appointed to represent Plaintiff in his criminal case; (2) Hugh M. Hadden, another defense attorney appointed to represent Plaintiff in his criminal case; (3) District Attorney Ashley Wright; (4) Assistant District Attorney Keith Johnson; (5) Brandon Beckman, an investigator; and (6) Steave Fanning, another investigator. (Doc. no. 1, pp. 1, 4.) Although the particularities of Plaintiff's complaint are somewhat difficult to ascertain, it is clear that Plaintiff is essentially dissatisfied with the progression of his criminal case thus far. Notably, a search of the publicly available criminal records for the Superior Court of Richmond County reveals that the criminal case that appears to serve as the basis for Plaintiff's claims is ongoing, and that Plaintiff has yet to be convicted.[1]

In his complaint, Plaintiff alleges that Defendants are engaged in a conspiracy to deny him "a fair chance of [a] speedy jury trial" and to secure his conviction in his criminal case, in which he was charged with, among other things, "criminal attempt to commit murder." (See generally id. at 7-12, 14.) For instance, Plaintiff alleges that Defendant Hadden wrongfully withdrew from his representation of Plaintiff due to a conflict of interest based on a co-defendant's intended defense at trial (see id. at 17), and that Defendant Peter Johnson, who replaced Defendant Hadden as Plaintiff's counsel, "added to the conspiracy

---

[1] Criminal and civil records for the Superior Court of Richmond County can be accessed at http://www.augustaga.gov (from home page, highlight "City Services" menu heading and then select "Case Management Search"). See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

2

and plot to deprive Plaintiff [of] his [constitutional] rights." (Id. at 8.) The remainder of Plaintiff's statement of facts consists almost entirely of similar allegations against Defendants, all involving the proceedings of his criminal case, that are apparently intended to fortify Plaintiff's over-arching assertion of the conspiracy against him. (See generally id. at 7-12.)

Plaintiff additionally alleges that Defendants Beckman and Fanning, whom he identifies as homicide investigators for Richmond County, "tamper[ed] with state evidence and state witnesses" by using various methods to coerce his co-defendant into presumably testifying against him and by, in the case of Defendant Beckman, sending text messages to Plaintiff's girlfriend. (Id. at 11.) Finally, Plaintiff alleges that Defendant Fanning improperly waited nine days before delivering to the "GBI crime lab" a pair of khaki shorts that were the state's "only evidence to try to link [him] to the crime scene," and that the chain of custody sheet for that piece of evidence is missing. (Id. at 12.) In his request for relief, Plaintiff requests monetary damages, a trial by jury, the appointment of an attorney, "full declarational judgment from the courts," and that Defendants "correct their policy or dismiss all said charges." (Id. at 6.)

## II. DISCUSSION

Construed liberally, Plaintiff's complaint appears to present: (1) claims of conspiracy against the prosecutors and his own counsel in his criminal case, see Bailey v. Board of

3

County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992); and (2) claims of violations related to his allegations that Defendants Beckman and Fanning tampered with evidence and improperly contacted witnesses and Plaintiff's co-defendant. (See generally doc. no. 1.)

However, pursuant to Younger v. Harris, 401 U.S. 37, 53 (1971), federal courts must abstain when adjudication of a litigant's claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. See also Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405-06 (11th Cir. 1985) (requiring abstention pursuant to Younger where plaintiff raised § 1983 damages claims related to ongoing state criminal proceedings).

Here, Plaintiff seeks both monetary and injunctive relief, and thus his claims fall firmly within the purview of Younger. (Doc. no. 1, p. 6.) Furthermore, because Plaintiff's allegations concerning tampering with evidence and improperly contacting witnesses and a

4

co-defendant relate directly to the basis for Plaintiff's pending criminal charges, any ruling by this Court as to those claims could substantially interfere with the results reached in the state court proceeding.² See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). In fact, to the extent that Plaintiff attempts to assert a claim for tampering with evidence, the Court notes that such a claim in fact constitutes a criminal offense under O.C.G.A. § 16-10-94 and, thus, would be improper in a § 1983 action even if the Court were *not* abstaining from adjudication here. As to Plaintiff's claims that Defendants Fanning and Beckman coerced Plaintiff's co-defendant into testifying against him, and that Defendant Beckman improperly sent text messages to Plaintiff's girlfriend, Plaintiff does not explain – and the Court does not presume to know – under what authority he seeks to bring such claims. In

---

²The Court additionally notes that, even if the Court were *not* abstaining from hearing the instant complaint, Defendants Peter Johnson, Keith Johnson, Wright, and Hadden are insulated from § 1983 liability. Defendants Wright and Keith Johnson, as state prosecutors, are entitled to absolute immunity for damages under § 1983 for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Moreover, Defendants Hadden and Peter Johnson, as attorneys representing Plaintiff, did not act under the color of state law for purposes of § 1983. West v. Atkins, 487 U.S. 42, 48 (1988); Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (noting that "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability").

short, Plaintiff cannot demonstrate the lack of an adequate remedy at law as to the above claims. In addition, Plaintiff's allegations provide no indication of irreparable injury, which the hardships associated with having to defend against a criminal prosecution fail to establish as a matter of law. Younger, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.")

Next, because Plaintiff's over-arching claim of conspiracy is presumably asserted pursuant to the § 1983 cause of action for such a claim, and because there is no directly analogous state law remedy for such a claim, the Court will address that claim here. An attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here,

Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving any Defendants, may have been reached to violate Plaintiff's rights. Rather, Plaintiff simply repeatedly alleges in an improperly vague and conclusory manner that such an agreement exists and has acted to deprive him of his right to a speedy trial. (See generally doc. no. 1, pp. 7-12.) Accordingly, Plaintiff has failed to state a viable conspiracy claim.

In sum, it is apparent in this case that Plaintiff has failed to state a viable claim for conspiracy and that Younger abstention is appropriate as to the remainder of his claims.[3] Therefore, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

---

[3]To the extent that Plaintiff seeks to challenge the fact or duration of his confinement – which is not clear from his complaint – the proper avenue for such a claim is a habeas corpus petition in state court or in federal court pursuant to 28 U.S.C. § 2241. Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Notably, however, Plaintiff must fully exhaust his state remedies prior to bringing a federal petition, and he has made no showing of having yet done so here. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).

## IV. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE